We are not called on to put any construction upon (474) the will of Henry Cheyne. Believing, as we do, that his Honor erred in his opinion upon another point, we are constrained to say that there must be a venire de novo. Setting apart, then, the question as to the devise, this case presents the same question as to the competence of the sheriff's return upon the venditioni exponas as arose in Simpson v. Hiatt,ante, 470. The facts, so far as that question arises, are the same. In this case his Honor decided that there was no evidence of the sale by the sheriff. In this there is error. The sheriff's return upon the execution isprima facie evidence of a sale, and that the plaintiff was the purchaser. For the reasons governing our opinion, we refer to the case of Hiatt, cited above, and the cases there referred to.
PER CURIAM. Venirede novo.
(475)